The defendant alleged that the land in dispute was a notorious and valuable tract, situate on the Catawba River, and worth $3,000; and that for the purpose of defeating Knight's suit and other creditors of Joseph Dobson, the elder, a scheme was contrived by the father and his sons and daughters and his son-in-law Burnett to have this tract set up and sold under the execution in 1812, without its being known by the sheriff or bidders that this particular tract was the one exposed (343) to sale, but, on the contrary, that it should be represented to be a different and poor piece that was sold; and that at such sale the lessors of the plaintiff's witness, Burnett, should become the purchaser for the benefit of Joseph, the father, and his family; and the defendant gave evidence to that effect; and thereupon the defendant contended that his title was good, notwithstanding the deeds to Stevely, Burnett, and the lessors of the plaintiff, and the possessions by the lessors of the plaintiff, the father, and other members of the family, as stated by the witness Burnett.
It was admitted on both sides that the sale by the sheriff, at which Stevely purchased was void for the want of a seal to the writ.
His Honor held that the deed to Stevely and the others were a sufficient color of title if there had been the requisite possession under them. But, leaving to the jury, upon the evidence, the question of the alleged fraudulent combination between Joseph Dobson and the other members of the family, his Honor further instructed them in substance that if they found such collusion and fraud, the possession, as proved, would not constitute a good title in the lessors of the plaintiff. The defendant had a verdict and judgment, and the lessors of the plaintiff appealed.
The title of the defendant is deduced under a creditor of Joseph Dobson, the elder, and therefore he is at liberty to impeach that set up by the lessors of the plaintiff. (His Honor here stated the *Page 274 
facts of the case as above, and then proceeded as follows:) It is not necessary to say how the parties would have been affected by their dishonest purposes if the execution had been valid. We suppose, however, that Stevely, being innocent of the fraud and a fair bidder at a judicial sale, would have got a good title, and that the title derived from him by the lessors of the plaintiff would also have been good, at least in a court of law. But it being clear that Stevely gained nothing by the sale and conveyance to him, the inquiry is, whether, under the (344) circumstances of this case the possession was out of Joseph Dobson, the father, or whether it was in the lessors of the plaintiff, and of a character to defeat the defendant. We think not.
In the first place, it might be sufficient in this particular case, perhaps, to say that the lessors of the plaintiff had not the exclusive possession, because the debtor himself was also in the actual possession. We do not, however, put the case on that point, inasmuch as that would perhaps have made it necessary to submit an inquiry to the jury as to the terms on which the father remained on the land, as understood between him and his sons. But, in the next place, we think that even if the father had not been on the land at all, the possession of the sons, under the fraudulent agreement and circumstances found by the jury, could not be legally adverse to the father and his creditors, so as to make a complete title in the sons under the statute of limitations. Pickett v. Pickett, 3 Dev., 6. The possession of a fraudulent vendee cannot in respect of a creditor of the fraudulent vendor, be deemed adverse to such vendor or his creditor, because the statute makes the whole contract void and as against the creditor, the possession of the vendee is deemed to have been in trust for the vendor, and therefore it is the possession of the vendor. When a sale is once made by the creditor, then the possession of the fraudulent donee becomes adverse, for the law does not suppose any secret confidence between the donee and the purchaser. It must be admitted that a possession by Stevely would have been for himself, and therefore adverse to all the world. But he never had the possession for a moment, and the title was taken from him, not in fact for the persons to whom the deed was made, but upon a fraudulent and secret trust for the father, to the intent that he and his family should enjoy the land, and his just creditors be hindered of their debts. Whatever color the deed might afford to such a possession, we see that in fact it was not a possession of the lessors of the plaintiff for themselves, and therefore, it was not in law adverse. Consequently the judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Cowles v. Coffey, 88 N.C. 342.
Dist.: Taylor v. Dawson, 56 N.C. 92. *Page 275 
(345)